DZIYANA BANCHERO neé KHVASSHCHEUSKAYA,

    Plaintiff,

Vs.

MMPB GROUP, LLC d/b/a Villa Azur,
JPM MANAGEMENT GROUP, LLC d/b/a Villa Azur
MICHAEL MARTIN GROUP, INC. d/b/a Villa Azur
MICHAEL MARTIN, individually, and
JEAN PHILIPPE BERNARD, individually,

    Defendants.

_____/

# COMPLAINT

Plaintiff, DZIYANA BANCHERO neé KHVASSHCHEUSKAYA, ("BANCHERO"), by and through her undersigned counsel, hereby, files this, her Complaint against Defendants, MMPB GROUP, LLC d/b/a Villa Azur, JPM MANAGEMENT GROUP, LLC d/b/a Villa Azur, MICHAEL MARTIN GROUP, INC. d/b/a Villa Azur, MICHAEL MARTIN, individually, and JEAN PHILIPPE BERNARD, individually, collectively, ("Defendants") and alleges as follows:

## INTRODUCTION

1. This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions of Section 6 and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), as well as the minimum wage provisions of the Florida Minimum Wage Act, ("FMWA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## VENUE

3. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed within Miami-Dade County, Florida. Accordingly, venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b);

b. Defendants, MMPB GROUP, LLC, JPM MANAGEMENT GROUP, LLC, and MICHAEL MARTIN GROUP, INC. (collectively, "Villa Azur" were and continue to be organized under the laws of the State of Florida doing business within this judicial district; and

c. Defendants, MICHAEL MARTIN, and JEAN PHILIPPE BERNARD, were and continue to be a residents of Miami Dade County and are agents, owners, and managers involved in the day to day activities including, without limitation, the establishment of pay and tip policies for the employees of Villa Azur, a chic, high-end French-Mediterranean restaurant located at 309 23rd St, Miami Beach, Florida.

## PARTIES

4. At all times material hereto, Plaintiff was and continue to be a resident of Broward County, Florida.

5. Defendants, Villa Azur, own and operate the restaurant Villa Azur on Miami Beach.

6. Defendant, MICHAEL MARTIN, is a co-owner of Villa Azur and President of Michael Martin Group.

7. Defendant, JEAN PHILIPPE BERNARD, is also a Co-owner of Villa Azur. Per the company's website, he proclaims to have "mastered the art of management with over 15 years of experience all around the globe."

8. Further, at all times material hereto, Defendants were and continue to be engaged in business in Miami-Dade, Florida, by operating multiple high end restaurants in the Southern District of Florida, including, Villa Azur, located on South Beach at 309 23rd St, Miami Beach, Florida.

9. At all times material hereto, Defendants, jointly and severally, were Plaintiff's direct employer, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

10. At all times material hereto, Plaintiff, was an "employee" of Defendants within the meaning of the FLSA and the FMWA.

11. At all times material hereto, Defendants, were the employer or former employer of Plaintiff.

12. At all times material hereto, Defendants, Villa Azur, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, Defendants regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and § 203(s).

14. At all times material hereto, annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Defendants, Villa Azur, operated as an organization which markets its services and goods to customers throughout the United States and internationally. Defendants, Villa Azur, further purchase goods that have been transported from across state lines of other states and internationally. For example, per their website, the Defendants' "wine cellar, La Cave D'Azur, boasts over 190 handpicked wines and champagnes from small villages to a Grand Cru Classe of France, Italy, Spain and select prestigious North American wineries."

16. At all times material hereto, Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

17. At all times material hereto, the work performed by the Plaintiff, was directly essential to the business performed by the Defendants.

18. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

## STATEMENT OF FACTS

19. Plaintiff, Banchero, was employed as a Bartender at Villa Azur from February 2, 2016 through April 2017.

20. During her employment with Defendants, Plaintiff worked for a reduced hourly rate as if the Defendants were properly taking a tip credit.

21. Though Defendants have taken a tip credit of $ 3.02 per hour towards Plaintiff's, Banchero, hourly wages, the evidence is clear that that the Defendants used an

illegal tip pool. Specifically, Banchero was required to turn over tips given to her by patrons of the restaurant to management. In turn, management would take these tips, pool them together, and would then distribute those tips among employees, including managers or other nontraditionally tipped positions. Moreover, Defendants have engaged in a pattern of hiding the tip distribution from the employees despite their collective request to see how the tips were being divided.

22. Further, during the relevant time period, the Defendants' dinner checks had an add-on tip on the bill (not a service charge) and a line for extra gratuity. With respect to patrons who paid their bills in cash, the Plaintiff and other similarly situated tipped employees were required to submit the add-on tips to management so they could allegedly distribute those tips to the staff. The servers were not allowed to keep the add-on gratuities. Additionally, the servers and bartenders who were supposed to share in the tips, were never showed if the cash tips were included in the pool or not. Upon information and belief, the Defendants' management would keep add-on cash tips themselves and would only distribute credit card tips in the tip pool which included members of management, members of the kitchen staff, and others.

23. As a result of the company's illegal tip pool, Plaintiff, Banchero was underpaid $ 3.02 for each hour worked in violation of the Florida Minimum Wage Act and the FLSA.

24. Because the FLSA requires, as a condition precedent, that the specified reduced cash wage be paid for every hour worked and because that condition was not met, the "tip credit" allowed by the FLSA is unavailing. The Defendants are therefore obligated to pay the Plaintiffs' ull minimum wage for each hour worked allowing credit

5

for the hours paid for. This underpayment of the applicable Florida minimum wage constitutes a minimum wage violation pursuant to the Fair Labor Standards Act and the FMWA/Florida Constitution.

25. At all times material hereto, Plaintiff fully performed her obligations as an employee of the Defendants.

26. At all times material hereto, Defendants' acts and/or omissions giving rise to this action were not in good faith and at no time did Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA. In fact, the Defendants had been sued on multiple occasions for similar violations of the FLSA and the FMWA. Furthermore, as a result of their illegal tip scheme, the Defendants have recently scrapped the tip credit altogether and has instituted a commission based compensation scheme in an attempt to avoid the tip credit issues as well as to avoid having to pay the hourly workers overtime for hours worked in excess of forty.

27. Because the Plaintiff was underpaid in her regular hourly rate due to the unlawful tip credit, she was additionally underpaid for those weeks that she worked overtime hours in excess of forty per week.

28. In 2016, Plaintiff worked a total of 1,661.78 Regular Hours and 59.91 overtime hours. The regular hours were all at the rate of the Florida minimum wage rate less $3.02 per hour. She was also paid $542.48 in overtime.

29. In 2017, through her last day of work, Plaintiff worked 425.05 regular hours at (the Florida stated minimum wage less the $ 3.02 per hour credit and she also worked 41.57 overtime hours of which she was paid $379.53.

30. As a result of the Defendants' violations of the FLSA and the FMWA, utilizing the higher minimum wage rate under the FMWA, Plaintiff is owed the following:

   a. Unliquidated Back Wages for Regular Hours in the amount of $6,302.23 calculated as follows:

       2016: 1661.78 hours x $ 3.02 =    $ 5,018.58
       2017:  425.05 hours x $ 3.02 =    $ 1,283.65
                                                  $ 6,302.23

   b. Unliquidated Overtime Shortage of $ 306.48 calculated as follows:

   2016 - 59.91 overtime hours x $ 8.05/hr x 1.5 = $723.41
   Less Overtime Paid                           $542.48
   2016 Shortage                                    $180.93

   2017 - 41.57 Overtime hours x $8.10/hr x 1.5 = $505.08
   Less Overtime Paid                           $379.53
   2017 Shortage                                    $125.55

   c. Total Damages

   Minimum Wage Differential:    $ 6,302.23
   Overtime Differential:            $   306.48
   Sub Total                             $ 6,608.71
   Plus Liquidated Damages:      $ 6,608.71
   Total Wages Due:              $13,217.41

31. Notwithstanding the fact that each Defendant had knowledge regarding its obligation to pay the Plaintiff an hourly rate no less than the federal minimum wage, or overtime, Defendants willfully continued to violate Title 29 U.S.C. §§ 206, 207 and the Florida Minimum Wage Act by not paying Plaintiff any type of hourly wage equal to the minimum wage rate as mandated by the FLSA and the FMWA, or paying her the correct overtime amount.

32. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the minimum wage provisions of the FLSA. At no time did Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA. Further, Plaintiff was ever advised that a proper tip credit was being taken by the Defendants.

33. Prior to filing this action, the Plaintiff exhausted all administrative remedies under the Florida Minimum Wage Act by sending the requisite written notice but was not unable to reach a resolution as the Defendants took the position that they complied with the law and that Plaintiff is not owed a penny. Accordingly, the Defendants refused to pay her the back-wages claimed.

34. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**VIOLATION OF MINIMUM WAGE & OVERTIME PROVISIONS
OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. §§ 206-207 AND FLORIDA MINIMUM WAGE ACT**

35. Plaintiff realleges and reavers paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Pursuant to section 6 of the FLSA, Plaintiff was entitled to be paid at the rate of not less than $7.25 per hour for the regular hours that she worked for Defendants.

37. Additionally, pursuant to the FMWA, Plaintiff was entitled to paid at the rate of not less than $ 8.05 per hour in 2016 and $ 8.10 per hour in 2017. Defendants paid Plaintiff at a rate $ 3.02 per hour less than the applicable minimum wage rate.

38. Additionally, pursuant to section 7 of the FLSA, Plaintiff was supposed to be paid overtime at a rate equal to the minimum wage times time and one-half (1.5x). Plaintiff was paid below the legal overtime rate.

39. Defendants actions were willful.

40. Plaintiff was underpaid below the applicable Florida minimum wage rate by $6,302.23.

41. Plaintiff was underpaid below the applicable federal overtime rate by $306.48.

42. Plaintiff is also owed an equal amount as liquidated damages under the FLSA and FMWA.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally in her favor against Defendants:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and maximum hour provisions of the FLSA and the minimum wage provisions of the FMWA;

b. Awarding Plaintiff unpaid minimum wages of $6,302.23 plus an equal amount as liquidated damages totaling **$12,604.46**;

c. Awarding Plaintiff unpaid overtime wages of $306.48 plus an equal amount as liquidated damages totaling $612.96.

d. Awarding Plaintiffs reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b) and the Florida Minimum Wage Act;

e. Awarding Plaintiffs post judgment interest; and

f. Ordering any other and further relief that this court may deem just and proper.

Date: June 8, 2017

Respectfully submitted,

Law Offices of Michael A. Pancier, P.A.,
**Attorneys for Plaintiff**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217
FAX: (954) 862-2287

    /s/ Michael A. Pancier, Esq.
    Michael A. Pancier, Esq.
    Fla. Bar No. 958484